UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER FRANKL and JOHN DECKARD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-1757-B |
| | § | |
| NETOPIA, INC. and ALAN LEFKOF, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion for Leave") (doc. 108) and Defendants' Motion to Strike Reply Arguments or Alternatively, Motion for Leave to File a Surreply ("Motion to Strike") (doc. 124). For the reasons stated in this order, the Court DENIES Plaintiffs' Motion for Leave and GRANTS Defendants' Motion To Strike.

### I. Factual and Procedural Background

Plaintiffs filed their original Complaint on August 31, 2005 (doc. 1). Per the Court's initial Scheduling Order, joinder of parties and amendment of pleadings was January 15, 2007 (doc. 25). The Court granted, in part, the parties' Joint Motion to Amend the Scheduling Order noting that a seven month continuance was unwarranted(doc. 59). The Court again modified the Scheduling Order extending discovery to September 28, 2007. Since then, the Court has denied further motions to continue. *See* docs. 103, 120.

In February 2007, Motorola, Inc. publicly announced its purchase of Defendant Netopia. In

1

March 2007, the parties agreed to jointly request an extension of the amendment of pleadings deadline that had already passed two months earlier. Stephanie Osteen Decl. ¶ 4. In their Joint Motion, however, there was no mention of Motorola, Inc. (doc. 58). Nevertheless, the Court expressly found that the amended pleadings deadline had passed. Now, Plaintiffs essentially ask the Court to revisit its prior decision based on a rote Motion for Leave.

## II. Analysis

Federal Rule of Civil Procedure 16(b) provides, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . .."). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998). District courts maintain the "power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

Here, the Court finds that no good cause exists to grant Plaintiffs' Motion for Leave. Plaintiffs' Motion is devoid of authority, argument or substance. This is particularly surprising given Defendants' opposition listed in the Certificate of Conference. Furthermore, the Court, having recently reviewed the action to modify the discovery deadline yet again, finds Plaintiffs' overall effort to prosecute this action lacking. Even if the Court were to consider Plaintiffs' arguments and authority set forth in the Reply (which it will not), the Court still finds no good cause to allow this

2

11th hour move. The opportunity to show good cause to allow an amended pleading came and went in the Joint Motion to Modify Scheduling Order in April 2007.

In addition, Defendants' Motion to Strike is GRANTED. Local Rule 7.1(d) mandates more than what Plaintiffs filed, and Plaintiffs are not entitled to correct that deficiency in their Reply. *Penn. Gen. Ins. Co. v. Story*, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003). The Court strikes Plaintiffs' arguments raised initially in the Reply.

### III. Conclusion

For these reasons, Plaintiff's Motion for Leave (doc. 108) is hereby DENIED. Defendants' Motion to Strike (doc. 124) is hereby GRANTED.

**SO ORDERED.**

**SIGNED October 25th , 2007**

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**