UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER FRANKL and JOHN DECKARD, § § Plaintiffs, § § v. § § NETOPIA, INC., § § Defendant. § | CIVIL ACTION NO. 3: 05-CV-1757-B |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for New Trial (doc. 178). After consideration of the Motion and related briefing, the Court **DENIES** the Motion.

Plaintiffs title their Motion a "Motion for New Trial." However, Plaintiffs challenge the Court's granting of Defendant's Motion for Partial Summary Judgment, rather than the outcome of a jury trial or nonjury trial. *See* Fed. R. Civ. P. 59(a). Therefore, the Court considers the Motion to be a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e); *St. Paul Mercury Ins. Co. V. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). A Rule 59(e) motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, the Rule 59(e) motion serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence." *Id.*; *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon*, 891 F.2d at 1159). The Fifth Circuit has noted that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In their Motion, Plaintiffs do not allege that the Court has committed a "manifest error of law or fact" and do not present any newly discovered evidence. Plaintiffs merely rehash the evidence considered by the Court on summary judgment and argue that they have established the existence of questions of material fact in regard to their Sarbanes-Oxley and defamation claims. The Court has already considered the evidence on summary judgment. Plaintiffs have not established that they are entitled to have the judgment altered or amended. *See Templet*, 367 F.3d at 479.

Accordingly, Plaintiffs' Motion for New Trial (doc. 178) is **DENIED**. Furthermore, the Court finds that Netopia's Motion to Strike Reply Arguments and Evidence or, Alternatively, Motion for Leave to File a Surreply to Plaintiffs' Motion for New Trial (doc. 183) is **MOOT.**

SO ORDERED.

SIGNED November 4, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE